IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:23-cv-01981-SKC-MEH

DAVE LILJA, and
SANDRA LILJA,

    Plaintiffs,

v.

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,

    Defendant.

---

**MINUTE ORDER RE:
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
(DKT. 38)**

---

    This matter is before the Court on Plaintiffs Dave Lilja's and Sandra Lilja's Motion for Leave to File Second Amended Complaint (Motion) (Dkt. 38). The Motion seeks leave to add a fifth claim for relief asserting negligence against Defendant American National Property and Casualty Company.

    Plaintiffs originally filed their proposed second amended complaint without leave of Court on February 23, 2024. Dkts. 31, 32. The Court struck that proposed amended complaint the same day. Dkt. 33. On February 27, 2024, they then filed a motion seeking leave to file their second amended complaint (Dkt. 34), but on March 6, 2024, the Court denied that motion for failure to comply with the Local Rules of Practice (Dkt. 36) for not including the required redline version of the proposed amended complaint. That same day, Plaintiffs renewed their motion for leave via the present Motion, attaching the omitted redline version. Dkt. 38.

    The present Motion argues, "Plaintiffs received the insurance claim file relevant to the underlying claim in this matter . . . on January 18, 2024 from Defendant. The claim file contains more than three thousand eight hundred (3,800) pages. Additional facts have come to light through discovery and review of the claim

file that Defendant was negligent and breached their duty to Plaintiffs." Dkt. 38, ¶¶2-4 (cleaned up).

Defendant counters in its Response (Dkt. 42) opposing the Motion that the Motion is untimely, futile, and prejudicial to Defendant. It argues untimeliness because any documents produced in Defendant's January 18, 2024 production related to its underwriting that had already been produced in an earlier production provided February 11, 2022. *Id.* at pp.4-6. And, according to Defendant, Plaintiffs' proposed negligence claim relates only to Defendant's underwriting, not its post-loss actions. *Id.* Defendant argues futility because Plaintiffs' proposed amendments do not include any factual allegations addressing Defendant's underwriting or alleged duties owed to the Plaintiffs (thus, running afoul of the *Twombly/Iqbal* pleading standard). *Id.* at pp.6-9. In addition, it argues Plaintiffs' negligence claim would be time-barred. *Id.* And Defendant contends granting the Motion would prejudice Defendant and its possible defenses. *Id.* at pp.9-10.

Plaintiffs did not file any reply brief to counter any of Defendant's arguments.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The purpose of Rule 15(a) unquestionably is to facilitate a decision on the merits. *See, e.g., Bob Marshall All. v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992) (noting that the court's exercise of discretion must "be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities"). To that end, motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). But in considering the "needs of justice," the Court must take into consideration the interests of all parties.

> Several factors are typically considered by the courts in determining whether to allow amendment of a complaint. These include whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed. Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

*Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (internal citation omitted); *see also Arkansas-Platte & Gulf P'ship v. Dow Chem. Co.*, 886 F. Supp. 762, 765 (D. Colo. 1995) ("Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory

motive, repeated failure to cure deficiencies, and prejudice to the opposing party.").

The Court denies the Motion based on the record before it. First, while Plaintiffs assert the Motion is prompted by Defendant's document production, Plaintiffs offer no details or further explanation about what they discovered anew in that production and why or how these documents support the assertion of a new claim at this time. Defendant explains, however, that any underwriting documents relevant to its understanding of Plaintiffs' proposed negligence claim had already been produced two years earlier. And because Plaintiffs failed to file any reply brief, the Court is left with no further explanation or understanding as to how Plaintiffs' Motion is timely in light of Defendant's unrefuted contention. As a result, the Court finds the Motion is untimely. *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) ("A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." (cleaned up; citation omitted)).

Second, the Court finds the proposed amended complaint is futile, as drafted. When considering a motion to amend, the Court must consider the interests of all parties, including whether the amendment is futile. *Las Vegas Ice*, 893 F.2d at 1185. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Full Life Hospice LLC v. Sebelius,* 709 F.3d 1012, 1018 (10th Cir. 2013) (internal quotation marks omitted). In determining whether a proposed amendment should be denied as futile, the Court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Hunt v. Riverside Transp.*, No. 11-2020-DJW, 2012 WL 1893515, at *3 (D. Kan. May 23, 2012).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted).

Here, Plaintiffs propose to add five paragraphs, all located under their

proposed fifth claim alleging negligence. None of these paragraphs, however, contain any factual allegations to support their proposed negligence claim. *See* Dkt. 38-1, ¶¶41-45. And the Court's review of the operative complaint suggest no factual allegations there supportive of Plaintiffs' proposed negligence claim. *See Iqbal*, 556 U.S. at 678. Even assuming there is no heightened negligence standard, as Defendant argues (but which the Court does not decide), the proposed complaint lacks any factual allegations about Defendant's behavior to support a plausible negligence claim.

The Motion is therefore DENIED without prejudice.[1]

DATED: August 13, 2024.

---

[1] The Court declines to address Defendant's argument that amendment of the complaint would prejudice Defendant and its potential defenses.